Okay, and we'll finish up the week with case number 21-13797, Janemarie Crider et al. v. Anita Williams. Mr. Cleveland. Good morning, and may it please the Court. I'm Lee Cleveland, and I represent plaintiffs below Janemarie Crider and Tucker Anderson, parents of a minor child that was the subject of a dependency action filed by defendant below, Anita Williams. Williams filed a dependency action in Alabama, even though Alabama was not the home state of the child, and the child was not in Alabama at the time of the filing. There was no arguable basis for jurisdiction in Alabama, and hence, no arguable probable cause to file a case in Alabama. Well, you say that, and it turns out, as the district court found, that there really was no jurisdiction at the time, but did Ms. Williams have information that the couple was trying to evade her and the department, and that they were living somewhere else in Alabama and hadn't moved back to Tennessee? We have dueling pleadings on that issue, Your Honor. We filed a pleading that said that she did not have probable cause to believe that. We filed a pleading that said that she had... But why did she not have... I mean, probable cause is not certainty, and it turns out she was mistaken, but why didn't she have a basis for asking the Alabama court to step in? What she filed was a pleading. Now, when you look at our pleading, you say allegations that we make that are conclusory must be supported by some additional facts. Williams filed a pleading in response. We asked the court to apply the same rule. Her conclusory allegation that the department received information that the family was in or in anywhere else. This is a Rule 12b6 dismissal, so there's no evidence. There aren't any dueling declarations. There aren't affidavits. There aren't depositions. We're not at that stage yet. I mean, what we have is your complaint and her petition, right? Right, and that's what I'm saying. The evidence is the factual allegations that are taken as true in the petition. She's asking this court to take as true the factual allegation in her petition, which was just a pleading, that says the department had information that the couple was staying in Cullman. So you're saying that she lied? Is that what you're saying? I'm saying she did not have probable cause to believe that. She had no reliable information that the couple was in Cullman. There's nothing in her document that says elsewhere that there was in Cullman. In fact, in her document and in our complaint, we state specific facts that the maternal grandmother with whom the family was staying told Ms. Williams the family had moved to Tennessee. Right, so I'm just trying to understand what your position is. Are you saying, I mean, if she had the information that she claims that she had, you would agree that there's not a problem here? Is that right? I would agree there's not a problem on that specific issue, the temporary emergency jurisdiction. She went to Tennessee, committed additional constitutional violations, including lying to the judge to obtain a warrant. Okay, that's what I wanted to get to. So your argument is, and I realize there are two different parts to this, that when she went to Tennessee, that she was untruthful with the judge. That's what your, that's what your allegation is. Yes, ma'am. Yes, Your Honor. It is my allegation that she told the judge a material falsehood necessary to obtain the warrant. Tennessee law defines what she was obtaining as a warrant to seize the child. She lied to the judge when the judge specifically asked her the question, was the child in Tennessee for more than six months? That mattered because Tennessee has an obligation under the full faith order. Right, it wouldn't have had jurisdiction. Yes, they would, Tennessee would have ignored the Alabama order and that's the reason it was material. As to whether or not the child was in Alabama and whether she had any evidence of that, that's what I'm saying is that if we try, if we do discovery and it turns out that the information the department received was from a reliable and accurate source, then she would be entitled to summary judgment on that issue. If on the other hand, what I allege in the complaint is true, that the maternal grandmother told Anita Williams the couple had moved to Tennessee, that when Ms. Crider filed the petition for protection from abuse against the paternal grandmother, that she listed addresses in Knoxville, Tennessee and the address in Alabama where Ms. Williams had gone and laid eyes on the fact that the couple was no longer there with a note saying they left. I'm going to try to help you, so this is sort of a friendly question. What you're saying is that although we have her petition considered by the district court, you cannot take the contents of the petition as true given your allegations that she knew that the child was in Tennessee when she filed the petition for dependency in Alabama. Yes, your honor. She can't take it as true. The statement is a conclusory statement that the court can look behind and say there's nothing else in her petition that connects anything. Even if the petition had facts or alleged facts, you're saying that your allegations trump that because you're claiming that what she said in the petition wasn't true. No, your honor. If in her petition she alleged that a police officer told me that she had stopped the plaintiff in Coleman with the child in the car, that would be evidence from... Even if she was lying about that? I'm just making this up, but even if she was not saying the truth about that? Yes, the law is if she was actually lying about that, if she made that up, we would have to allege that that was a false statement that was a lie. We didn't allege that it was a lie. What we alleged was that she put it in there as a conclusion for which her petition... No, you don't say it in these words, of course, but you say she lied because you say in count one, paragraph 37, Anita Williams was aware, that means she knew, that the parents and child were residents of Tennessee at the time she filed the petition for dependency. But that's not it. You keep going. Anita Williams was aware that the parents and the child were present in Knox County, Tennessee at the time she filed the petition for dependency. That's paragraph 39. Anita Williams, paragraph 40, was aware the child was physically present in Tennessee since March 23rd in 2016, and that the child had not been present in Alabama from March 24th of 2016. If those are your allegations and they're good faith allegations, you're saying she lied in the petition for dependency, are you not? I believe that is the case, Your Honor. Okay. So if she had had some other evidence that we didn't know about, she could come in and present to the court and say, I had reasonable cause to believe it, I didn't lie. But what she has is nothing. Okay. Time is up, but I'll... That's okay. When I keep you there for a minute more beyond your red light, because I have one more question for you. You allege that Ms. Williams lied to the Tennessee judge about the amount of time that the child had been in Alabama, right? Right. Okay. My question to you is, assuming that that is true, because you've pled that that's the way it played out, how did that cause the child to be picked up when Tennessee doesn't have any durational residence requirement for an attachment corpus order? Williams was in Tennessee enforcing an Alabama order. Yes. And in order for Tennessee to enforce the Alabama order without... It doesn't go behind the Alabama order to look to see if the facts and allegations are true. It just simply says, we have an Alabama order. If Alabama had jurisdiction under the full faith and credit clause of the constitution, we must enforce that order. We don't look behind it. We don't relitigate it. So the judge asked the one pertinent question regarding that, did Alabama have jurisdiction? He asked it in the form of the six months, which Alabama must have jurisdiction in order to issue that order. The child was in Tennessee. So Alabama had no temporary jurisdiction. The child must then have been in Alabama for six months prior to the filing of the petition for Alabama to have home state jurisdiction. The judge was asking, did Alabama have home state jurisdiction? Was the child in Alabama for six months? Ms. Williams had been told by Tucker Anderson three to four months. That was the only information she had relating to that issue. She told the judge, no, your honor, or yes, your honor, the child has, as far as my knowledge, been in Alabama for six months. The reason it tracks like that is that's what she recorded to DHR. And you're saying that Tennessee courts examine the jurisdiction of sister states- and don't just grant full faith and credit? They must. In fact, the Tennessee statute that I cited in my brief says the court must examine the jurisdiction of the Alabama court. It doesn't have to give full faith and credit. What statute is that? Do you recall which one that is? You know what? You can look at it and then you can let us know when you get back up for rebuttal, okay? I will do that, your honor. Thank you. Okay. You've saved your time for rebuttal. Okay. Mr. Boudry. Thank you, your honor. May it please the court. If I can, I'm actually going to begin on something that we agree with plaintiffs on, and that is with the state law claims. We agree that with regard to the state law claims, this court should remand that to the district court. We agree that the court had diversity jurisdiction over those claims. And while we certainly argued below in agree or certainly think that Ms. Williams is entitled to state agent immunity from those claims, I think the problem here is that the dismissal was without prejudice and we would be seeking a merits determination. So we agree that remand of those claims would be in order. The federal 1983 claims, of course, are a different story. And this court should affirm that part of the judgment because Ms. Williams is entitled to qualified immunity. All right. Let's go through this. The specific allegations in their complaint are that Ms. Williams lied in her petition for dependency. Are they not? The specific allegations are that she knew when she filed the petition that the child was in Tennessee. And she said otherwise in the petition. Correct. And then you look at, I think that by itself is a conclusory allegation. And then you look at whether the factual support, the allegations with facts in it, supports that. It's not completely conclusory because she says that a relative told her they had moved back to Tennessee and she found the note saying they had moved back to Tennessee. Correct. Which are the exact same. Those are also found in the petition. And so the court, had those facts before it when it determined that it still, that it did have jurisdiction to enter the temporary. How can, if the claim is that someone lied in a petition, how can someone get qualified immunity when the petition led to the order and the order led to the attachment in Tennessee? I think two, two, two responses. First is that my friend today said, this is a quote, that he did not allege that it was a lie. That the allegation is simply. The allegation is that she did lie. Paragraph 37. Anita Williams was aware that the parents and the child were residents of Tennessee at the time she filed the petition for dependency. If that allegation is accepted as true, what she put in the petition is false. Correct or not correct? If that is a allegation that is accepted as true, I agree with you. I don't think that is an allegation that should be accepted as true because it is conclusory. And you look at the other factual support, which is the exact factual support that Ms. Williams put in the petition and that the juvenile court had before it, that she was, that she had been told by the grandmother that the parents had gone to Tennessee, that they had the note. But then we also have the reasonable basis for her. I'm sorry, I didn't mean to interrupt. No, but she added other stuff to it, right? Yes. And I think this about whether DHR had information about whether, in fact, the parents were in Coleman hiding from DHR. The allegation, the complaint about that is simply that it was not sworn testimony and that it might not be truthful. But at the procedural posture that Ms. Williams was acting in, she was able to rely on hearsay testimony, did not have to be sworn. She had reason to believe that the child was in danger. And so she had probable cause, if that's the word that we're going to use. But where was the child in danger from? She had, in the petition and in the complaint, we know that she had reason to believe that the parents were using drugs, that the parents had not taken the child to a doctor since the child was six weeks old. The child was nine months old at the time. Was there any allegation that there was something wrong with the child? There is no allegation, except the drug use is very problematic for when the infant's nine months old and might be breastfeeding. That's harmful to the child. And then it is cause for concern when Ms. Williams goes to the house, meets the dad, says, OK, I'm going to come back next week. We're going to sort this out. And then the parents disappear. They won't return Mrs. Williams phone calls. They won't answer the calls. And she has information to believe that they are intentionally hiding from DHR and Coleman. That raises a whole lot of red flags that Ms. Williams had. Listen, I completely understand. We want kids who might be in risky situations to be looked out for. The problem here, and of course, as you know, on a motion to dismiss, we have to assume that the complaint is true. It may or may not be that they are the actual facts, but we have to assume that they are true. And though we look at them in the light most favorable to the non-moving party, you know, well, actually that doesn't help you. We look at them in the light most favorable to the non-moving party. So here the allegations are that your client lied in obtaining the process. I mean, that's what they are. Why doesn't that state a cause of action when we have to assume the truth of those allegations? I mean, on summary judgment, you know, there might be competing facts or evidence that established that she told the truth. I don't know. But why isn't that enough on a motion to dismiss to survive that motion? Because plaintiffs have not borne their burden of establishing that she violated the clearly established rights of the plaintiffs. They've not pointed to a case. But if she lied, and again, we have to assume that that's what happened here. If she lied in order to obtain the order, that would violate the clearly established rights of the parents, would it not? I mean, you can't lie to obtain an order to take a child away from a child. That sounds in the Fourth Amendment. The Supreme Court has been clear about that. And I don't think. But our case law says pretty clearly that if you make false statements in obtaining process, that satisfies the malicious prosecution. So I think there are two problems here. One is that they I don't think they. So, sorry, for the Fourth Amendment claim, you have to show seizure and you have to show seizure of the plaintiff. They are not alleging that the child's Fourth Amendment rights were violated. They're alleging that the plaintiff's Fourth Amendment rights were violated. But the Fourth Amendment does not allow for that. They're not, again, they're not raising the rights of the child. And the second part is I don't think that a Geary and the police probable cause cases are on point because all of those cases are about lies, about the evidence that the person had to believe that an arrest warrant was should be instituted. So in Geary, the officers lied about whether the person had pointed a gun to them. They said, yes, that was the you know, that's the evidence that we rely on for probable cause for the arrest warrant. They lied about things that were material to getting the arrest warrant, right? Correct. And here the allegation is that Ms. Williams lied about material things to get the order in Alabama and then to get the attachment corpus in Tennessee. What's the legal difference? Because to the extent that the lie is is material, it is only material. It is material, right? For the jurisdictional question, not for the underlying. But that's critical. If Ms. Williams had said the child was here for three months, the Alabama court would not have had jurisdiction to enter the order, right? And if the child had was not present and there was no reason to believe that the child was present in Alabama. If Ms. Williams has said the child was here for three to four months and she's left and she's now in Tennessee, give me an order. The Alabama court couldn't have given the order, right? As a matter of state law, that's correct. I don't think that is. But that's not a probable cause problem, right? There's still the reasonable basis to believe that action had to be taken. And then the second question is, where do I go? You think the lying only or lying jurisprudence, to call it that, only goes to questions of substantive probable cause and not to other things that matter? For example, if you talk about when someone committed an offense, you don't think that's relevant either because that doesn't go to whether the offense was committed? I think the only case that plaintiffs have relied on and it's their burden to show and to point out a case is Aguirre. And Aguirre is very clear that it was the substantive probable cause determination that was at issue. And I would also point out that... Let's put immunity aside for a second. Do you think that taking the allegations of the complaint is true that Ms. Williams violated the constitutional rights of the plaintiffs in lying twice? I think we need to be careful about which constitutional rights. The Fourth Amendment rights? No, I don't think so. Whether there is a due process violation, so they've alleged the general parental rights and then they've alleged... The right to have physical custody, the right of a parent recognized by the Supreme Court under substantive due process principles in the 1920s to have physical custody of their child. Do you think that Ms. Williams... Again, I don't know if these are the facts or not, as Judge Rosenbaum explained, but taking the allegations of the complaint is true. If Ms. Williams lied to the Alabama court about the child being in Alabama, and if she lied to the Tennessee court about the child being in Alabama for more than six months, did she violate the due process rights of the parents in having custody and control over their child? No, Your Honor, I don't believe so because the standard in Foy v. Holston is whether the social worker acted without sufficient justification to believe that there was danger of the child. How... No, but the allegation in the complaint is that she lied. Which might give rise to a state law claim. It might give... Maybe it's a state violation, but a state law violation is... I assume that she... I'm assuming in my question that she had some basis to think the child was in danger. And knowing that, she intentionally lies about the residency issue. My question to you is, does she violate any of the parents' constitutional rights in making those knowing misrepresentations? I think the answer is no, and I think the answer is certainly no when it comes to whether those rights were clearly established. It's not a clearly established question. It's a pure... It's step one of the qualified immunity analysis, which is, is there a constitutional violation? Yes, Your Honor, I think the answer is no. It is... It might be a state law violation. And it's not a constitutional violation because? Because she acted with reasonable basis to believe that the child was in danger. You don't think there's a difference between probable cause and possible cause? I think the standard for the pickup order, for the judge to issue the pickup order, is not probable cause. Under Alabama code... Yeah, but the court has to have jurisdiction to begin with. Correct. And if the worker lies about the length of time that the child was in Alabama, in order for the court to have jurisdiction to begin with on considering anything, you don't think that that does away with their... Well, if there's reasonable cause, it's okay. As a constitutional matter, correct. It is a... It might be that there's a state law violation. It might be that the juvenile court's order was null and void for lack of jurisdiction. And it might be, we assume, that the court issued its order because it was lied to. All those could give rise to state law violations. But the question is whether it violated the length of time. I think the answer to that is no. And certainly, to get back to the qualifying point... Lying about facts that go to a court's subject matter jurisdiction do not give rise to a constitutional violation. It has to be lies about the merits of the dispute, not about jurisdiction. If you lie to manufactured jurisdiction, that's not actionable. I don't think so. But certainly, plaintiffs have not pointed to a case that says that. And as to the... Even if you rule against us on the constitutional right question, I think we're still winning. Is it not obvious, though? I mean, is it not obvious that you can't lie to manufactured jurisdiction? No, Your Honor. I don't think every lie to a court is a constitutional violation. But I'm asking a different question. Okay, let's assume that it is a constitutional violation for purposes of this question. Is it not obvious that you can't lie to the court to obtain an order taking a child from the parent? In other words, that without the lie, you wouldn't be able to obtain the child? I think given the circumstances that social workers must work in, that lies about jurisdiction, that it is not clearly established that mistakes of that sort result in clearly established constitutional violations of the plaintiff's rights. I see my time is out. We ask that the court affirm that part of the judgment below. All right. Thank you very much, Mr. Fowler. Thank you. Your Honor asked me a question just before I sat down about the Tennessee statute. Tennessee Code 36-6-233b requires a petition to enforce an out-of-state court order to include the jurisdictional basis that the court gave. In this case, I note- The issuing court gave. The court, yeah, the foreign court. Right, right. Okay, got it. Got it. So it requires that when you file a petition to enforce an out-of-state order, you set forth in your petition what jurisdiction the out-of-state court had, and it's just general. It's not specific. It just says you must state that. Now, she didn't even file a petition in this case, which is part of the problem with a lot of the procedural due process issues. She just walked in. First off, she went out to the house with the Alabama order, called the police. Police said, you can't enforce that in Alabama. So then she just walked into the courthouse. In Tennessee. I mean, in Tennessee, yes, sir. They were in Knoxville, Tennessee. It says, this is an Alabama court order. You have to have a Tennessee court order. So she did not file a petition, as the Tennessee law requires. She just walked in and found a judge. The judge at least had the sense to ask her, didn't have a petition, but he said, look, do you have jurisdiction? Has the child been in Alabama for six months? I know they didn't do a lot of procedure that they should have done. Another thing is, of course, the order said, till further order of the court, Tennessee law requires a judicial hearing on the seizure warrant the next day. Instead of going back to the Tennessee court for that, she violated procedural due process by taking the child out of Tennessee to Alabama. Now, the court asked a question about jurisdiction. Facial attacks for subject matter jurisdiction require the district court to look to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. Lawrence versus Dunbar, that's an 11th Circuit case, 1990. Complaint must contain enough factual matter taken as true. Nobody's claiming that the district court here didn't have jurisdiction. No, no, no. I'm talking about the Alabama court. So what I'm saying— That's a matter of Alabama law. The Alabama Supreme Court recently in Munza versus Ivey on the masking case said that if a defendant mounts a facial challenge to the legal sufficiency of plaintiff's jurisdictional allegations, the court must take those as true and then review the jurisdictional allegations. You must allege jurisdiction and you must have probable cause for jurisdiction. The court is absolutely right in your questions. Let me take you back to the Fourth Amendment issue. Your friend on the other side says you alleged the wrong rights were violated. In other words, you can't—the parents can't recover for the seizure of the child under the Fourth Amendment. Only the child can recover for his seizure. What is your response to that? Doe versus Kearney, which is cited by Ms. Williams, said that the parents had a Fourth Amendment ability to object to the Florida statute that said you could take children away without a hearing. Also, there's nothing in 11—I mean, there's nothing in jurisprudence under Section 1983 that says one constitutional violation that results in another constitutional violation is not actionable. All Section 1983 requires is that a constitutional— But the right person has to have the standing. I mean, they could—you could have—the parents could have sued on behalf of their minor child. That's done. But that's not what happened here. No, Your Honor, that's not, because the Fourth Amendment violation is what result—the seizure of the child resulted in a Fourteenth Amendment violation. I understand that, but I'm just talking about the Fourth Amendment violation. We can state a Fourth Amendment—Doe versus Kearney says you can use the—the parents can use the Fourth Amendment to challenge a statute that allows the seizure of their child. That is essentially the same as using the Fourth Amendment to actually challenge the seizure of the child. I don't see much difference in that analysis. Again, this was not raised by any party. This court's question is the first time I've heard of that. Isn't the simple answer, Mr. Copeland, that your complaint doesn't raise a Fourth Amendment claim, but raises only a Fourteenth Amendment claim? The district court pointed out that I didn't use the words Fourteenth—Fourth Amendment in the complaint, but the court said we argued and pled a Fourth Amendment claim. We pled seizure of the child. We pled that the seizure was various Section 1983 claims. Justice Kavanaugh's recent opinion says those are Fourth Amendment claims. Okay, but this is your complaint. You're the master of your complaint. Paragraph 36 says, Ms. Williams intentionally, willfully, knowingly, and maliciously committed acts—I did. Okay. So even if you don't have a Fourth Amendment claim independent for the seizure of the child, you're traveling on a Fourteenth Amendment claim on behalf of the parents. Or am I missing something? I am, and I would also like to travel under the Fourth Amendment. The pleadings aren't closed under Rule 11. Well, they're closed here. They're closed here, but no one's made that argument. But we're treating the complaint as it was pled. Now, obviously, the district court interpreted it in a certain way, and the parties have briefed that, but I'm going by what you alleged in your complaint, not anything else. And there's no Fourth Amendment claim pled in count one, right? I pled all the elements of a Fourth Amendment complaint. I pled seizure of the child. I did not use the word Fourth Amendment. The court is correct. I would like to correct that on remand, of course, because the pleadings aren't closed. I can do it under Rule 11 because I pled facts for every element of a Fourth Amendment claim. But you are correct, Your Honor. I did not say the word Fourth Amendment, but the district court looked at it and said, reading the complaint as a whole, the plaintiff did argue and make a Fourth Amendment claim. The district court addressed a Fourth Amendment claim, and I believe that my complaint fairly reviewed from the actual allegations that I pled every element of a Fourth Amendment claim that the fact that I did not use the word Fourth Amendment is not fatal to my case, and it can be amended. They've not even filed an answer. So if the court finds that that would be a problem, in fact, on remand, I probably will, with the court's permission, correct that to specifically state a Fourth Amendment. But I do realize that we argued and briefed a little more and tried by implication a little more than my complaint alleges. Okay. All right. Thank you very much, Mr. Copeland. Mr. Crowder, thank you very much. We're in recess for the week.